# Thomas F. Rooney
## v.
## Oliver A. Crary.

Mortgagee in possession—Rents and profits.—A mortgagee in possession is bound to account for the rents and profits of the estate, and to apply them in reduction of the mortgage. Hence, on a bill to redeem, the mortgagee having been in possession, the mortgagor is entitled to show the actual amounts of the rents and profits derived by the mortgagee while in possession.

Appeal from the Superior Court of Cook county; the Hon. George Gardner, Judge, presiding. Opinion filed July 25, 1882.

Mr. F. A. Smith, for appellant.

Mr. H. B. Stevens, Mr. C. DeWolf and Mr. S. M. Moore, for appellee, cited Rooney v. Crary, 8 Bradwell, 335.

Bailey, J. This case was before this court on appeal at the October term, 1880, at which time a decree in favor of Crary, the complainant, was reversed, and the cause remanded for further proceedings, in accordance with the opinion then filed. Rooney v. Crary, 8 Bradwell, 329. Rooney, the defendant, afterward amended his cross-bill so as to make it, in effect, a bill to redeem, and the cause again coming on to be heard on pleadings and proofs, it was stipulated that the facts stated in the report of the case on the former appeal, on pages 330–332, should be considered as proved. The complainant then proved the amount of rent due, with interest, to be $1,900.26, and rested his case. The defendant thereupon offered to prove, by various witnesses, the rental value of the premises in question with the buildings and fixtures thereon, and also their rental value without said buildings and fixtures. This evidence, so far as it related to the rental value of the premises with the buildings and fixtures, was admitted, and a considerable number of witnesses were pro-

duced and examined by both parties on that question, their estimate of such value varying from $60 to $175 per month. But the court excluded all evidence as to their rental value with the buildings removed, and refused to admit any evidence tending to show how much, if at all, such rental value had been enhanced by the buildings and fixtures. A decree was thereupon entered, finding, among other things, that the complainant, since he obtained possession of said premises, had derived no actual benefit from said buildings, etc., and that there was due him said sum of $1,900.26, and ordered the defendant to pay the complainant that sum, with interest from the date of the decree, within sixty days, and that in default of such payment, he be forever barred from all right, title or interest in the property in controversy.

The only question presented by this appeal relates to the propriety of the exclusion of the foregoing evidence. By our former decision we held that the complainant was not vested with a complete equitable title to said buildings, etc., but only a lien thereon in the nature of a mortgage, from which the defendant should be given an opportunity to redeem; and that for that purpose an account should be taken of the rent in arrears, and if it should appear that the complainant, since he took possession, has derived any actual benefit from said buildings and fixtures, by way of enhanced rent or otherwise, the defendant should receive credit for the same in the statement of the account for rent. Under the rule thus established, we think it entirely clear that said evidence should have been admitted.

The position of the complainant, as determined by our decision, so far as regards said buildings and fixtures, is substantially that of a mortgagee in possession, and his rights are to be governed by the ordinary rules of law applicable to that relation. A mortgagee in possession is accountable for the rents and profits of the estate, and is bound to apply them in reduction of the mortgage debt. 2 Jones on Mortgages, § 1114, *et seq.* Hence, on a bill to redeem from a mortgagee in possession, the mortgagor is entitled to show the actual amount of the rents and profits derived by the mortgagee from the property covered by the mortgage.

The evidence shows that, during all or most of the time since the complainant obtained possession, the premises have been rented at a rent considerably lower, it is true, than that reserved in the lease formerly existing between the complainant and defendant. So far, however, as this question is concerned, the rate of rent reserved in that lease is immaterial. The landlord by his termination of the tenancy and re-entry, relinquished all right to rents yet to accrue, and reference can not be had to such rents for the purpose of determining whether the buildings, etc., of which he has thus gained possession, have yielded him a profit for which he is bound in equity to account. That can only be done by ascertaining how much greater rent he has in fact received from the premises than he would have received without the buildings, or, in other words, what proportion of said rents were properly the rents of the buildings. The evidence excluded was material as bearing upon this question, and should have been received.

For the error in excluding said evidence the decree will be reversed and the cause remanded for further proceedings.

Decree reversed.